137 So.2d 828 (1962)
David Walton CRAMP, Jr., Appellant,
v.
The BOARD OF PUBLIC INSTRUCTION of Orange County, Florida, Appellee.
No. 30598.
Supreme Court of Florida.
February 14, 1962.
*829 Tobias Simon & Howard Dixon, Miami, for appellant.
J.R. Wells, of Maguire, Voorhis & Wells, Orlando, for appellee.
THORNAL, Justice.
This matter recurs for our consideration pursuant to the mandate and decision of the Supreme Court of the United States concluding that the cause is "* * * remanded to the Supreme Court of the State of Florida for proceedings not inconsistent with the opinion * * *" of the United States Court.
We have before us motions of both parties for the entry of a judgment pursuant to the aforesaid mandate
By its opinion in Cramp v. Board of Public Instruction, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285, the Supreme Court of the United States, hereafter referred to as the Supreme Court, reversed the decision of this Court in Cramp v. Board of Public Instruction, Fla. 1960, 125 So.2d 554. Our current problem requires an analysis of the decision of the Supreme Court in order to determine whether that Court has completely nullified the requirements of Section 876.05, Florida Statutes, F.S.A. We must in the alternative determine whether the Supreme Court has held invalid merely a portion of the subject statute. Finally, we must decide whether the remainder of the so-called *830 Florida loyalty oath can properly remain in effect with the elimination of any constitutionally objectionable language.
We have concluded that the only portion of the subject oath which was condemned by the decision of the Supreme Court is that clause which reads:
"* * * that I have not [lent] and will not lend my aid, support, advice, counsel or influence to the Communist Party; * * *."
This language was expressly held to be unconstitutionally vague and unsusceptible of objective measurement. The entire opinion of the Supreme Court dealt exclusively with this one clause. In no other respect was the oath held invalid. In no particular did the Supreme Court announce any rule of decision which would have the effect of declaring invalid the entire oath. We construe that decision as a mandate to eliminate from the Florida loyalty oath the particular language which we have quoted and which was held to be without constitutional support because of the vice of vagueness implicit in the words "aid", or "support" or "advice" or "counsel" or "influence". As we read the decision with its supporting mandate it becomes our duty to eliminate the objectionable language from the loyalty oath prescribed by Section 876.05, Florida Statutes, F.S.A. This we do herewith. Incidentally, the language which was stricken as vague would apply to future as well as past conduct.
Finding as we do that the Supreme Court has not condemned the entire Florida loyalty oath, but on the contrary has merely found invalid the particular language which we have quoted, we proceed to consider whether the remainder of the oath can stand with the objectionable language stricken.
We feel justified in interpolating the observation that we ourselves expressed concern over the isolated clause in question by our opinion in Cramp v. Board of Public Instruction, supra, 125 So.2d at 559. The principal difference between our view and that of the Supreme Court evolved around the question of Cramp's standing to assault the validity of the statute. This question has, of course, been laid at rest by the decision of the Supreme Court.
The rule is well established that the unconstitutionality of a portion of a statute will not necessarily condemn the entire act. When a part of a statute is declared unconstitutional the remainder of the act will be permitted to stand provided: (1) the unconstitutional provisions can be separated from the remaining valid provisions, (2) the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void, (3) the good and the bad features are not so inseparable in substance that it can be said that the Legislature would have passed the one without the other and, (4) an act complete in itself remains after the invalid provisions are stricken. Harris v. Bryan, Fla. 1956, 89 So.2d 601; Kass v. Lewin, Fla. 1958, 104 So.2d 572; State ex rel. Limpus v. Newell, Fla. 1956, 85 So.2d 124; Liggitt Co. v. Lee, 109 Fla. 477, 147 So. 463, 149 So. 8. An application of this rule leads us to consider whether the objectionable language in the loyalty oath can be eliminated without thereby destroying the remainder of the oath. We hold that it can be.
The obvious legislative purpose in enacting the subject statute was to prevent the election or employment of public officials and employees who are knowingly disloyal to the government of the United States or to the State of Florida and who subscribe to the doctrine of accomplishing a change in government by the employment of force and violence. In this regard we have examined the legislative recitals included in the enactment of Chapter 25046, Laws of Florida, 1949, which was the original act that prescribed the loyalty oath in question. There can be no doubt that the legislative intent was primarily directed to the accomplishment of the objective which we have epitomized. There can likewise *831 be little doubt that regardless of the invalid language the Florida Legislature would have enacted into law the remainder of the statute. The elimination of the subject language would leave intact a valid, coherent, workable statute. The invalid language did not so permeate or saturate the remainder of the act as to make it impossible to enforce the remaining valid portions after the elimination of those which are invalid. We, therefore, hold that when the portion of the statute declared unconstitutional by the Supreme Court is eliminated, the balance of the act should and does remain in full force and effect.
Appellee's motion for clarification of the decision of the Supreme Court requests us also to determine the employment status of appellant Cramp. To the extent that Cramp has been denied employment because of his refusal to execute the loyalty oath as originally promulgated by the Legislature, we are compelled to find that his refusal was justified. Consequently, any denial of his employment by the appellee Board, because of that fact alone, was not and is not justified. However, appellant Cramp is bound by the statute to execute the oath with the objectionable language eliminated. This record presents no question as to the authority of the appellee Board to exercise any powers granted to it by Chapter 24745, Laws of Florida, 1947, a local act known as the "Orange County Teachers Successive Contract Act." In the course of this appeal by our order relating to supersedeas, we have previously announced that the relative rights of Cramp and the powers of the appellee Board under the last cited statute are not presented by this record.
For the guidance of the appellee and others charged with the enforcement of Section 876.05, Florida Statutes, F.S.A., only the following portion of the oath prescribed by the statute shall in the future be valid:
"I, ____ a citizen of the State of Florida and of the United States of America, and being employed by or an officer of ____ and a recipient of public funds as such employee or officer do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida; that I am not a member of the Communist Party; that I do not believe in the overthrow of the Government of the United States or of the State of Florida by force or violence; that I am not a member of any organization or party which believes in or teaches, directly or indirectly, the overthrow of the Government of the United States or of Florida by force or violence."
It will be apparent that we have judicially eliminated the particular language found to be objectionable by the Supreme Court. The balance of the oath remains intact. Other related provisions of the statute are not adversely affected.
Inasmuch as the chancellor upheld the oath in its entirety, we are compelled to reverse that portion of his decree which approved the language found to be objectionable by the Supreme Court. We affirm his decree to the extent that it upheld the remainder of the statute.
The decree of the chancellor is therefore affirmed in part and reversed in part, and the cause is remanded for the entry of a decree consistent with the cited decision of the Supreme Court of the United States, as construed by this opinion.
It is so ordered.
ROBERTS, C.J., and HOBSON, DREW and O'CONNELL, JJ., concur.