Mr. Mitchell S. Kraft Tamarac City Attorney 7525 Northwest 88th Avenue Tamarac, Florida 33321-2401
Dear Mr. Kraft:
You have asked for my opinion on substantially the following questions:
1. May a person elected to the Charter Board of the City of Tamarac assume that office without taking the statutorily prescribed oath set out in section 876.05, Florida Statutes?
2. May the language of the oath prescribed in section 876.05, Florida Statutes, be modified by individual officeholders or employees?
In sum:
1. All elected officers of the City of Tamarac are required by law to take the oath set forth in section 876.05, Florida Statutes.
2. The form of the oath prescribed in section 876.05(1), Florida Statutes, is mandatory and may not be altered. However, an exception has been recognized by the courts for those persons who are required to take the oath but who are not citizens.
Question One
According to your letter, the individual in question was elected to the position of Charter Board Member in the City of Tamarac in March 1996. When he was subsequently asked to take an oath of office pursuant to section 876.05, Florida Statutes, he declined for religious reasons. He has not been sworn into office and has offered to execute an alternative statement that would include some of the language of the statutory oath and other language that is not reflected in the statute. In order to resolve this matter, you have asked for this office's opinion.
Section 876.05, Florida Statutes, prescribes an oath that must be taken as a minimum requirement for elected public service. The statute originally was adopted in 1949[1] and was revised by the 1983 Legislature to delete those portions of the oath that had been judicially invalidated and eliminated by the state and federal courts.[2]
The statute currently prescribes the following language for the oath:
I, ___, a citizen of the State of Florida and of the United States of America, and being employed by or an officer of ___________ and a recipient of public funds as such employee or officer, do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida.
The language of the oath clearly provides an option to those for whom swearing is not acceptable: those individuals may affirm that they will support the Florida and United States Constitutions.[3]
The provisions of the statute apply to all employees and elected officers of the state, including the Governor and constitutional officers and all employees and elected officers of all cities, towns, counties, and political subdivisions, including the school system.[4] In addition, the oath is a prerequisite to qualification for public office.[5] Any candidate who fails or refuses to file the oath will have failed to qualify as a candidate for public office and his or her name may not be printed on the ballot as a qualified candidate.[6] The oath must be taken before a person authorized to take acknowledgments of instruments for public record and must be filed with the records of the governing official or employing governmental agency.[7]
Pursuant to section 876.09, Florida Statutes, "[t]he provisions of ss. 876.05-876.10 shall apply to all employees and elected officers of the state, including the Governor and constitutional officers and all employees and elected officers of all cities, towns, counties, and political subdivisions, including the educational system." Thus, the provisions of the statute are mandatory and binding on all public employees and elected state and local officers.[8]
Therefore, it is my opinion that all elected officers of the City of Tamarac, including a person elected to the Charter Board, are required by law to take the loyalty oath set forth in section876.05, Florida Statutes.
Question Two
This office has considered and approved the modification of the loyalty oath set forth in section 876.05, Florida Statutes, in circumstances where the affiant was not a citizen of the United States but was a resident alien. Such a change was necessary in response to a United State Supreme Court decision in which the Court struck down a state statute denying aliens the right to hold positions in the state's competitive service system as violative of the equal protection guarantees of the Fourteenth Amendment.[9]
In Attorney General Opinion 84-66 it was concluded that such a modification was necessary under those circumstances in order to avoid a constitutional challenge to the statute.
However, such modifications have been made in response to judicial decisions and I cannot say that revisions and alterations may be made to the language of the oath under other circumstances. Rather, it is the general rule that, when the Legislature states how a thing is to be done, it may not be accomplished in some other manner.[10] The language of the statute itself is directory rather than discretionary: "All persons . . . are required to take an oath . . . in the following form[.]"[11] It would appear that one purpose of any statute that creates a form is to provide uniformity and this purpose would be defeated by allowing individual officers and employees to craft their own versions of a loyalty oath.
Therefore, it is my opinion that the language of the oath set forth in section 876.05(1), Florida Statutes, is mandatory and must be followed with the exceptions noted above.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 1, Ch. 25046, Laws of Fla. (1949).
[2] Cf., Op. Att'y Gen. Fla. 82-64 (1982); Connell v. Higginbotham, 403 U.S. 207 (1971); Cramp v. Board of Public Instruction of Orange County, 137 So.2d 828 (Fla. 1962).
[3] See generally, 1 Fla. Jur.2d Acknowledgments s. 31 ("An oath in its broadest sense, is any form of attestation by which a person signifies that he is bound in conscience to perform an act faithfully and truthfully[.] An affirmation is a solemn statement or declaration made as a substitute for a sworn statement by a person whose conscience will not permit him to swear.")
[4] Sections 876.05(1), and 876.09(1), Fla. Stat. (1995).
[5] Section 876.07, Fla. Stat. (1995).
[6] And see, s. 99.021(1)(a), Fla. Stat. (1995), which requires that a candidate swear "that he or she has taken the oath required by ss. 876.05-876.10, Florida Statutes[.]"
[7] Section 876.05(1) and (2), Fla. Stat. (1995). Cf., s. 92.50, Fla. Stat. (1995), providing who may take or administer oaths and acknowledgments required or authorized under the laws of Florida.
[8] And see, s. 876.06, Fla. Stat. (1995), which provides for the discharge of any person who refuses to execute the oath; s.876.07, Fla. Stat. (1995), which requires that a person who seeks to qualify for public office but who fails or refuses to execute the oath may not have his or her name printed on the ballot as a qualified candidate; and s. 876.08, Fla. Stat. (1995), which makes the governing authority or person who continues to employ a person who fails to execute the oath guilty of a second degree misdemeanor.
[9] See, Sugarman v. Dougall, 413 U.S. 634 (1973). And see, Op. Att'y Gen. Fla. 76-238 (1976) and cases cited therein.
[10] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[11] Compare, s. 99.021(1)(a), Fla. Stat. (1995), which provides a form for a candidate oath and states that the oath or affirmation "shall be substantially in the following form[.]" (e.s.)