GODERICH, J.
The plaintiffs, Homestead Hospital, Inc., a Florida non-profit corporation; Mercy Hospital, Inc., a Florida non-profit corporation; Pan American Hospital Corporation, a Florida non-profit corporation; Tenet Hialeah Healthsystem, Inc., a Florida corporation, d/b/a Hialeah Hospital; Tenet Healthsystem North Shore, Inc., a Florida corporation, d/b/a North Shore Hospital; Lifemark Hospitals of Florida, Inc., a Florida corporation, d/b/a, Palmetto General Hospital; and North Miami Medical Center, Ltd., a Florida limited liability corporation, d/b/a Parkway Regional Medical Center [collectively referred to as “the Private Hospitals”], appeal from an order granting final summary judgment in favor of the defendants below, Miami-Dade County, Florida [County], and the Board of Commissioners of Miami-Dade County, Florida [County Commission]. We affirm.
In 1991, the Florida Legislature enacted section 212.055(3), Florida Statutes, The Indigent Care Surtax [1991 Surtax Statute]. Section 212.055(3)(g) allowed “[a]ny county as defined in s. 125.011(1)” to levy a 0.5% surcharge to benefit public general *261 hospitals.[1] Pursuant to section 212.055(3)(g)4., in addition to the 0.5% surtax, the counties would still be required to contribute each year at least 80% of what it had appropriated to its public general hospital in the county’s fiscal year ending September 30, 1991. This minimum funding requirement is referred to as the county’s “maintenance of effort” [MOE], In addition, section 212.055(3)(i) provided that the surtax statute would be repealed on October 1, 1998 [seven-year sunset provision].
A referendum was held in September 1991, in which the voters of Miami-Dade County approved the 0.5% surtax. As a result of this surtax, Jackson Memorial Hospital, which is the public general hospital located in Miami-Dade County, has received millions in additional funding. The parties involved concede that the 1991 Surtax Statute is a “general law” because it is applicable to more than one county, Miami-Dade, Hillsborough, and Monroe Counties.
In 1992, after the referendum vote, the Florida Legislature amended the 1991 Surtax Statute to delete the seven-year sunset provision. Under this amendment, the surtax was renamed as the “County Public Hospital Surtax” and renumbered as section 212.055(5) [1992 Surtax Amendment].
On May 5, 2000, the Florida Legislature enacted Section 10 of Chapter 00-312, which amends section 212.055(5) [2000 Surtax Amendment]. As a result of the 2000 Surtax Amendment, a portion of the MOE dollars would be diverted from public general hospitals to private hospitals.[2] In order to administer the MOE dollars that were being diverted away from the public general hospitals, section 212.055(5)(e) was added.[3] Paragraph (e) provides that a *262 “governing board, agency, or authority” comprising of between five and seven members shall be established by the county. The governing board would be responsible for “adopt[ing] and implement[ing] a health care plan for indigent health care services.” As part of this plan, the county would be divided “into a minimum of four and maximum of six service areas with no more than one participant hospital per service area.” Paragraph (e) also provides: “The following community organizations shall each appoint a representative to a nominating committee: the South Florida Hospital and Healthcare Association, the Miami-Dade County Public Health Trust, the Dade County Medical Association, the Miami-Dade County Homeless Trust, and the Mayor of Miami-Dade County.” This “nominating committee” would then nominate members for the governing board, and the county commission would then confirm between five and seven members.
In September 2000, the County gave notice in Ordinance 00-111 that it would not comply with Section 10 of Chapter 00-312; the 2000 Surtax Amendment, because it was an unconstitutional “special law” or “general law” applicable only to Miami-Dade County. The ordinance also provided that pursuant to its Home Rule Charter, the County was abolishing the governing board created by the 2000 Surtax Amendment.
Thereafter, the Private Hospitals filed suit against the County seeking declaratory relief as to the County’s obligation to comply with the 2000 Surtax Amendment. The parties filed cross-motions for summary judgment. The trial court entered its non-final order on July 24, 2001, providing that Ordinance 00-111 was null and void because the issue of whether a statute is constitutional can only be determined by the judicial branch. Nonetheless, the trial court granted summary judgment in favor of the County finding that the Private Hospitals lacked standing to sue for declaratory relief.
The Private Hospitals then filed a Second Amended Complaint adding standing-related allegations, adding the County Commission as a party, and adding a prayer for injunctive relief or mandamus seeking to compel compliance with the requirements of the 2000 Surtax Amendment. The parties filed cross-motions for summary judgment. The trial court entered an order dated December 18, 2001, granting summary judgment in favor of the County and County Commission finding that the 2000 Surtax Amendment was “invalid, unconstitutional, and unenforceable” on the ground that it is a “special act which impermissibly applies only to Miami-Dade County,” and alternatively, the County, under its Home Rule powers may “abolish ... all ... authorities, boards, or other governmental units whose jurisdiction lies wholly within Dade County.” Final judgment was entered, and the Private Hospitals’ appeal followed.
The Private Hospitals contend that the trial court erred by finding that the 2000 Surtax Amendment is a special law. We disagree.
The 2000 Surtax Amendment, as written, is applicable only to Miami-Dade County, and therefore, is an unconstitutional special law. See State v. Cannon, 181 So.2d 346, 347 (Fla.1965), cert. denied, 384 U.S. 981, 86 S.Ct. 1881, 16 L.Ed.2d 691 (1966)(holding that following the adoption of the home rule charter, the Florida Legislature is “not now authorized to enact *263 laws which relate only to Dade County.”); S & J Transp., Inc. v. Gordon, 176 So.2d 69, 70 (Fla.1965)(holding that following the adoption of the home rule charter, “the Legislature may not lawfully adopt any act which relates only to Dade County.”). Specifically, our decision is as a result of paragraph (e) of the 2000 Surtax Amendment, which created a “nominating committee” comprised of members appointed by the Mayor of Miami-Dade County and by community organizations strictly located within Miami-Dade County or South Florida.
The Private Hospitals argue, however, that if this Court finds that the 2000 Surtax Amendment is an unconstitutional special law, it may be saved by severing the provision regarding the “nominating committee” from the remaining provisions. See Ray v. Mortham, 742 So.2d 1276, 1280 (Fla.1999)(“Severability is a judicial doctrine recognizing the obligation of the judiciary to uphold the constitutionality of legislative enactment where it is possible to strike only the unconstitutional portions.”); Cramp v. Board of Pub. Instruction of Orange County, 137 So.2d 828, 830 (Fla.1962)(holding that “the unconstitutionality of a portion of a statute will not necessarily condemn the entire act.”); Dade County v. Keyes, 141 So.2d 819, 821 (Fla. 3d DCA 1962)(holding that “[w]hen a portion of a statute or ordinance is declared invalid the remaining portions therefore which are severable ordinarily should be recognized as valid, and it is the duty of the court to preserve their validity whether or not a severability clause was included”). However, we find that severance in this case is not possible.
In Cramp v. Board of Public Instruction of Orange County, 137 So.2d 828 (Fla.1962), the Florida Supreme Court set out a four-prong test for analyzing whether an unconstitutional portion of a statute is severable from the remaining portions.
When a part of a statute is declared unconstitutional the remainder of the act will be permitted to stand provided: (1) the unconstitutional provisions can be separated from the remaining valid provisions, (2) the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void, (3) the good and the bad features are not so inseparable in substance that it can be said the Legislature would have passed the one without the other and, (4) an act complete in itself remains after the invalid provisions are stricken.
Cramp, 137 So.2d at 830. Severability is an option if the legislature’s “clear purpose in enacting the statute” remains after severing the unconstitutional portion. Richardson v. Richardson, 766 So.2d 1036, 1041 (Fla.2000)
In the instant ease, a review of the legislative history[4] and the text of the 2000 Surtax Amendment clearly indicates that the Legislature intended that this *264 amendment would apply only to Miami-Dade County. Therefore, severing the unconstitutional provision regarding the “nominating committee” would defeat the Legislature’s “clear purpose in enacting the statute.” Richardson v. Richardson, 766 So.2d at 1041 (Fla.2000). Further, during the 2001 session, the Florida Legislature unsuccessfully attempted to re-write the 2000 Surtax Amendment by deleting the portion regarding the “nominating committee.” CS/HB 475 (Fla.2001 Legislative Session). This failed attempt supports our conclusion that the Florida Legislature would not have passed the “good” without the “bad.” Cramp, 137 So.2d at 830; Richardson v. Richardson, 766 So.2d at 1041 (Fla.2000)(refusing to sever unconstitutional provision from statute where “Legislature’s clear purpose in enacting the statute” would not be preserved).
Because the issues discussed above are dispositive, we do not need to address the remaining arguments raised by the parties.
Affirmed.

. Section 125.011(1), Florida Statutes (1991), provides:
"County” means any county operating under a home rule charter adopted pursuant to ss. 10, 11, and 24 of Art. VIII of the Constitution of 1885, as preserved by Art. VIII, s. 6(e) of the Constitution of 1968, which county, by resolution of its board of county commissioners, elects to exercise the powers herein conferred. Use of the word “county” within the above provisions shall include "board of county commissioners” of such county.

. The 0.5% surtax was not affected by the 2000 Surtax Amendment.

. Paragraph (e) provides, in part, as follows:
(e) A governing board, agency, or authority shall be chartered by the county commission upon this act becoming law. The governing board, agency, or authority shall adopt and implement a health care plan for indigent health care services. The governing board, agency, or authority shall consist of no more than seven and no fewer than five members appointed by the county commission. The members of the governing board, agency, or authority shall be at least 18 years of age and residents of the county. No member may be employed by or affiliated with a health care provider or the public health trust, agency, or authority responsible for the county public general hospital. The following community organizations shall each appoint a representative to a nominating committee: the South Florida Hospital and Healthcare Association, the Miami-Dade County Public Health Trust, the Dade County Medical Association, the Miami-Dade County Homeless Trust, and the Mayor of Miami-Dade County. This committee shall nominate between 10 and 14 county citizens for the governing board, agency, or authority. The slate shall be presented to the county commission and the county commission shall confirm the top five to seven nominees, depending on the size of the governing board. Until such time as the governing board, agency, or authority is created, the funds provided for in subparagraph (d)2. shall be placed in a restricted account set aside from other county funds and not disbursed by the county for any other purpose.
1. The plan shall divide the county into a minimum of four and maximum of six service areas, with no more than one participant hospital per service area. The *262 county public general hospital shall be designated as the provider for one of the service areas. Services shall be provided through participants' primary acute facilities.

. The sponsor of the 2000 Surtax Amendment made several representations to other legislators indicating that the 2000 Surtax Amendment applied only to Miami-Dade County. For example, the sponsor stated,
Members, this is a general bill of local application. It applies only to Dade County. Dade County currently generates for its public hospitals certain tax revenues, a sales, and a maintenance of effort from the County.
What this bill purports to do is to take a little bit of that county match, that county maintenance of effort, and spread it out to six districts in the County to provide indigent health care.
Debate on the Floor of the House, CS/CS/CS HB 71, The Florida House of Representatives, 2000 Regular Sess., Day 53 (April 28, 2000).