IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

        Petitioner,

 v.

Case No. 5D16-4292

JOHAN QUINONES,

        Respondent.

_____/

Opinion filed January 24, 2017

Petition for Writ of Prohibition,
Alan Apte, Respondent Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Petitioner.

J. Edwin Mills and Frank J. Bankowitz,
Orlando, for Respondent.

PER CURIAM.

We grant Petitioner's alternative application for a writ of certiorari to quash the trial

court's December 14, 2016, order granting Respondent's motion to strike the State's

death penalty notice, filed in Orange County case number 2014-CF-008535. Although the

Florida Supreme Court held in *Hurst v. State,* 202 So. 3d 40, 43 (Fla. 2016), that the

amended statutory death penalty scheme is constitutionally infirm due to the lack of a

requirement that the jury's recommendation be unanimous, we agree with Petitioner that

the trial court should have severed the offending component of the statute. In reaching

this conclusion, we manifest our agreement with Petitioner's succinct argument:

> [S]ubsection (2)(c) can be severed from § 921.141, Florida Statutes, leaving intact the legislative intent of providing a constitutional procedure for imposition of the death penalty in appropriate cases. Absent the specific language of subsection (2)(c), the statute requires the jury to make a recommendation for life or death. Pursuant to the judicial obligation to construe the statute in a constitutional manner, trial judges should ensure that all jury findings issued in the application of the death penalty are unanimous. This result is consistent with the Florida Supreme Court's determination that the statute's jury findings provisions as to the existence and sufficiency of the aggravating factors and that the aggravating factors outweigh the mitigating circumstances must be construed in a constitutional manner (requiring unanimity) so as to preserve the statute's viability. The absence of a legislative mandate on the nature of the jury vote can be easily cured through accurate jury instructions and simple interrogatories. It does not require any substantive re-writing of the law.
>
> Furthermore, an unconstitutional provision of a statute can and should be severed from the remainder when the taint of the illegal provision has not infected the entire enactment. *Schmitt v. State*, 590 So. 2d 404, 414 (Fla. 1991). In this case, the provision declared unconstitutional does not taint the remainder of § 921.141(2) such that the entire statute must fail.

In our view, this statute presents a classic case where severance is appropriate

under the four-part test adopted by the Florida Supreme Court in *Cramp v. Board of Public*

*Instruction of Orange County*, 137 So. 2d 828, 830 (Fla. 1962). First, the unconstitutional

provisions can be separated from the valid provisions. Second, the legislative purpose of

preserving Florida's death penalty can be accomplished without the offending provisions.

Third, the "good and the bad" features are not so inseparable that the legislature would

not have passed the good without the bad. Finally, a complete act remains intact without

2

the offending provisions. Because the requirement for a unanimous jury verdict is derived from our constitution, the constitution itself provides the missing element of a completed procedure for determining when a death sentence may be imposed.

We certify the following question to the Florida Supreme Court as one of great public importance:

> CAN AND SHOULD SUBSECTION 921.141(2), FLORIDA STATUTES, BE STRICKEN SO THAT THE REMAINING PORTIONS OF THE STATUTE ARE EFFECTUATED CONSISTENT WITH THE INTENT OF THE LEGISLATURE AND THE UNITED STATES AND FLORIDA CONSTITUTIONS?

PETITION GRANTED; ORDER QUASHED; QUESTION CERTIFIED.


ORFINGER, TORPY, and WALLIS, JJ., concur.