LABARGA, C.J.,
concurring in result.
I concur with the conclusion reached by the majority, but write separately to highlight that my agreement is based upon a determination that the provision we identified as problematic in Perry is severable from the remainder of the Act. The judicial branch has an obligation to “uphold the constitutionality of legislative enactments where it is possible to strike only the unconstitutional portions.” Ray v. Mortham, 742 So.2d 1276, 1280 (Fla. 1999). However, we did not perform a severability analysis in Perry.[3] The longstanding severability test provides:
When a part of a statute is declared unconstitutional the remainder of the act will be permitted to stand provided: (1) the unconstitutional provisions can be separated from the remaining valid provisions, (2) the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void, (3) the good and the bad features are not so inseparable in substance that it can be said that the Legislature would have passed the one without the other and, (4) an act complete in itself remains after the invalid provisions are stricken.
Cramp v. Bd. of Pub. Instruction of Orange County, 137 So.2d 828, 830 (Fla. 1962).
Applying this criteria, I would conclude that the unconstitutional portion of the Act can be separated from the rest, and a complete law remains in its absence. Even after striking subsection 921.141(2)(c) as amended, the Act still requires a jury to find the existence of aggravating circumstances, determine whether those aggravating circumstances are sufficient to impose death, and weigh the aggravating circumstances against the mitigating circumstances that have been found to exist. Moreover, the requirement that the jury issue a sentencing recommendation remains intact in subsection 921.141 (2)(b).
Further, capital prosecutions are able to proceed in the absence of the stricken subsection. Trial courts can, as the court in Evans indicated it would, instruct juries that unless they unanimously find the critical facts, and unless the recommendation for death is unanimous, the recommendation shall be for a sentence of life imprisonment without the possibility of parole. With regard to this conclusion, it is important to note that the jury does not read the statute; it only receives instructions from the court and a recommendation form. If the jury is instructed according to the law, and as required, by Hurst, I believe there is no substantial or relevant difference between the operation of the statute with the offending subsection and the operation of the statute without it.
*861 With regard to the second prong of the Cramp test, the legislative purpose in the constitutional portions of the Act—having a viable death penalty statute—can be accomplished without language that provides a specific number of votes before a jury may recommend a sentence of death. Lastly, and in the same vein, the “good” and the “bad” provisions of the Act are not so inseparable that it can be said the Legislature would not have enacted the chapter law without the invalid subsection. It is fairly clear that the Florida Legislature desires to have capital punishment as an available option for those defendants who commit the most aggravated and least mitigated of murders. Therefore, if faced with the alternative of having no capital sentencing law whatsoever in the State of Florida, I believe the Legislature would have enacted the constitutional provisions of the Act without the invalid subsection.
Based upon the foregoing, I would conclude that the unconstitutional provision is severable from the remainder of the Act. Accordingly, with jury instructions and a recommendation form that conform to the requirements of Hurst, I agree with the majority that the Act may be applied to pending capital prosecutions.
LEWIS, J., concurs.

. I recognize that Perry contains what appear to be conflicting statements as to whether the Act is invalid in whole or in part. Earlier in the decision, we stated that "while most of the provisions of the Act can be construed constitutionally and could otherwise be validly applied to pending prosecutions, because the Act requires that only ten jurors, rather than all twelve, recommend a final sentence of death for death to be imposed, the Act is unconstitutional to that extent pursuant to Hurst.’’ 41 Fla. L. Weekly at S451, 210 So.3d at 635 (emphasis added). However, we later articulated a broader holding by stating "the Act’s 10-2 jury recommendation requirement renders the Act unconstitutional.” IdL at S453, 210 So.3d at 640 (emphasis added). My conclusion as to severability leads me to reconsider our earlier determination that the Act “cannot be applied to pending prosecutions.” Id.