IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NICOLE HANSLEY, | § | |
| | § | No. 586, 2013 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware in and |
| | § | for New Castle County |
| STATE OF DELAWARE, | § | |
| | § | No. 1211021447 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: September 17, 2014
Decided: October 27, 2014
Corrected: November 5, 2014

Before **STRINE,** Chief Justice, **HOLLAND**, **RIDGELY**, **VALIHURA**, Justices, and **NOBLE**, Vice Chancellor.[*]

Upon appeal from the Superior Court. **REVERSED.**

Bernard J. O'Donnell, Esquire, of the Office of the Public Defender, Wilmington, Delaware for Appellant.

Maria T. Knoll, Esquire, of the Department of Justice, Wilmington, Delaware for Appellee.

---

[*] Sitting by designation pursuant to art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2 and 4(a) to fill up the quorum as required.

**RIDGELY**, Justice:

Defendant-Below/Appellant Nicole Hansley ("Hansley") appeals from a jury conviction in the Superior Court of Tier 4 Drug Dealing, Tier 5 Aggravated Possession, Possession of Cocaine, and Possession of Drug Paraphernalia. Hansley raises two claims on appeal, one of which has been conceded by the State.[1] Hansley's remaining claim is that the trial court erred by precluding Hansley from introducing relevant testimony of a former police officer, Cynthia Aman ("Aman"), that Hansley was a prostitute addicted to crack cocaine, thereby violating Hansley's constitutional right to present a defense.[2] We find that the trial court erred by excluding relevant testimony in violation of the Delaware Rules of Evidence ("D.R.E."). Accordingly, we reverse. Because we find that the trial court committed reversible error by excluding Aman's testimony in violation of the D.R.E., we do not reach Hansley's constitutional argument.

---

[1] Hansley argued, and the State conceded, that the crimes of Drug Dealing under 16 *Del. C.* § 4752(1) and Aggravated Possession under 16 *Del. C.* § 4752(3) should have merged for the purpose of sentencing.

[2] The Supreme Court of the United States has stated:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Washington v. Texas*, 388 U.S. 14, 19 (1967).

## I. *Facts and Procedural History*

In 2012, Delaware State Police, along with other officers of the Governor's Task Force,[3] were conducting surveillance at the Riverview Motel in Claymont, Delaware. During this surveillance, the officers engaged and began questioning two individuals. While the officers were talking to the individuals, Hansley approached the officers, informed them that she was staying in Room 404 of the motel, and told them that the two individuals being questioned were there to give her a ride. Hansley also admitted that she had recently smoked marijuana. The officers then went to the door of Room 404 and noticed a strong odor of marijuana emanating from inside. Hansley was arrested and searched. The officers found a small glassine bag containing .01 grams of cocaine on Hansley's person, and a digital scale with cocaine residue on its base in her purse. A later search at the police station revealed two pipes used to ingest crack cocaine hidden in Hansley's buttocks.

Subsequently, the officers obtained a search warrant for the motel room. While executing the search warrant, officers found six small packets containing heroin concealed in an empty cigarette pack in a nightstand, and a two quart plastic container of rice with 755 individual packets of heroin under one of the motel room beds. Taken together, the heroin weighed a total of 7.04 grams. The officers

---

[3] The Governor's Task Force is a unit comprised of Police Officers as well as Probation and Parole Officers. Appellant's Op. Br. App. at A13.

also recovered a locked safe that contained an additional 1,298 individual packets of heroin, weighing a total of 13.17 grams. Even without the heroin stored in the safe, the amount found under the bed and in the nightstand was sufficient to meet the 4-gram minimum for Tier 4 Drug Dealing,[4] and the 5-gram minimum for Tier 5 Aggravated Possession.[5] The officers also found a prescription pill bottle issued to Hansley and Social Security paperwork with her name on it in the motel room. Documents belonging to Marquis Brown ("Brown"), who Hansley contended to be a drug dealer and the owner of the heroin found in the motel room, were also recovered. But the officers did not find the key to the motel room or the safe. Fingerprint analysis also revealed that Hansley's fingerprints were not on the plastic container filled with rice and heroin or the cigarette box full of heroin.

Hansley was arrested and charged with Tier 4 Drug Dealing, Tier 5 Aggravated Possession, Possession of Cocaine, and Possession of Drug Paraphernalia. At trial, Hansley premised her defense on the theory that a drug dealer would not trust a cocaine-addicted prostitute to control his valuable drug inventory. In support of that theory, Hansley attempted to introduce the testimony of Aman, a retired Wilmington police officer who had arrested Hansley for cocaine possession and prostitution on numerous occasions. The State objected to the

---

[4] 16 *Del. C.* § 4751C(2)b.
[5] 16 *Del. C.* § 4751C(1)b.

admission of Aman's testimony, and the trial court ruled that Aman would not be permitted to testify unless Hansley herself first testified to lay a proper foundation. The court stated:

> Now, this other officer from Wilmington, it seems to me, first of all, that just like when a person does something bad one time doesn't mean they've done something bad the next time. The fact that they've committed one crime one time doesn't mean they didn't commit another crime another time. And so I believe two things. One, that if the intent is to present that testimony without the defendant having to testify to establish what her defense is, I don't believe that can be done. If the question were posed, if she provides through her own testimony certain foundation, there may be some questions that would be permitted of that other witness. But the defendant herself is going to have to provide that foundation. I can't allow that witness to testify.[6]

The jury found Hansley guilty on all counts. The trial court sentenced Hansley as a habitual offender to five years incarceration at Level 5 supervision on the charge of Tier 4 Drug Dealing, four years incarceration at Level 5 suspended after two years on the charge of Tier 5 Aggravated Possession, and probated terms on each of the Possession of Cocaine and Possession of Drug Paraphernalia offenses.

---

[6] Appellant's Op. Br. App. at A9–10.

## II.   Discussion

We generally review a trial judge's evidentiary rulings for abuse of discretion.[7] "However, alleged constitutional violations pertaining to a trial court's evidentiary rulings are reviewed *de novo*."[8]  This Court has also explained that, when reviewing claims for harmless error, "[t]he reviewing court considers the probability that an error affected the jury's decision.  To do this, it must study the record to ascertain the probable impact of error in the context of the entire trial."[9] As a result, "'[a]ny harmless error analysis is a case-specific, fact-intensive enterprise.'"[10]  "This approach indicates that the reviewing court must consider both the importance of the error and the strength of the other evidence presented at trial.  An error may be important if, for example, it concerned a witness giving significant testimony . . . ."[11]  "Under a harmless error analysis, '[t]he defendant has the initial burden of demonstrating error,' and then the State has the burden to demonstrate that any error was harmless beyond a reasonable doubt."[12]

---

[7] *Manna v. State*, 945 A.2d 1149, 1153 (Del. 2008) (citing *Pope v. State*, 632 A.2d 73, 78–79 (Del. 1993)).

[8] *Allen v. State*, 878 A.2d 447, 450 (Del. 2005) (citing *Hall v. State*, 788 A.2d 118, 123 (Del. 2001)).

[9] *Van Arsdall v. State*, 524 A.2d 3, 9–10 (Del. 1987).

[10] *Capano v. State*, 781 A.2d 556, 598 (Del. 2001) (quoting *Dawson v. State*, 608 A.2d 1201, 1204 (Del. 1992)).

[11] *Van Arsdall*, 524 A.2d at 10.

[12] *Williams v. State*, 2014 WL 3702418, at *3 (Del. 2014) (quoting *Dawson v. State*, 608 A.2d 1201, 1204 (Del. 1992)).

This Court has held that a trial court's failure to admit relevant evidence, not otherwise excluded under D.R.E. 403, constitutes reversible error.[13]  Under the D.R.E., "[a]ll relevant evidence is admissible, except as otherwise provided by statute or by [the D.R.E.] or by other rules applicable in the courts of [Delaware]. Evidence which is not relevant is not admissible."[14]  "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[15]  "To be considered relevant, the purpose for which the evidence is offered must be material and probative."[16]  "Evidence is material if the fact it is offered to prove is 'of consequence' to the action."[17]  "Evidence has probative value if it 'advances the probability' that the fact is as the party offering the evidence asserts it to be."[18]

D.R.E. 403 provides that the trial court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice,

---

[13] *See Kiser v. State*, 769 A.2d 736, 741–42 (Del. 2001) (finding that the trial court abused its discretion in excluding witness testimony, because that testimony would have been relevant to the defendant's claim of misidentification, and because the testimony was not prohibited under D.R.E. 403); *Watkins v. State*, 23 A.3d 151, 154–157 (Del. 2011) (reversing a defendant's conviction due to the trial court's failure to admit evidence relevant to his defense); *see also United States v. Stevens*, 935 F.2d 1380, 1407 (3d Cir. 1991) (reversing a defendant's conviction based on the district court's failure to admit evidence relevant to his defense).
[14] D.R.E. 402.
[15] D.R.E. 401.
[16] *Norwood v. State*, 95 A.3d 588, 598 (Del. 2014) (citing *Kiser*, 769 A.2d at 740).
[17] *Id.* (quoting *Watkins*, 23 A.3d at 155).
[18] *Id.* (quoting *Watkins*, 23 A.3d at 155).

confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."[19]

*Parties' Contentions*

Hansley argues that the trial court erred by refusing to admit Aman's testimony. Hansley contends that Aman's testimony was relevant because it was necessary to establish that she was a cocaine-addicted prostitute, a fact vital to her defense, and that the heroin in Room 404 actually belonged to Brown. The State argues that Aman's testimony was not material to her defense because it did not negate her guilt, and thus was not relevant under D.R.E. 401. Alternatively, the State argues that, assuming the trial court did err in refusing to admit Aman's testimony, the error was harmless. In support of this argument, the State points out that defense counsel painted Hansley as a drug-addicted prostitute in both opening and closing statements. Defense counsel also elicited testimony from the State's drug expert that: (1) the cocaine and drug paraphernalia found on her person were likely for personal use; (2) prostitutes "latch" themselves on to drug dealers; and (3) when drug dealers are found with prostitutes it is generally the drug dealers who have control of the drugs. Finally, Derrick Tann, a friend of Hansley's who was also at the Riverview Motel on the night Hansley was arrested, testified that Hansley was a prostitute.

---

[19] D.R.E. 403.

*Aman's Testimony Should Have Been Admitted Under the D.R.E.*

We find that the trial court abused its discretion by excluding Aman's testimony, as it was both relevant under D.R.E. 401, and permissible under D.R.E. 403. Hansley was charged with Drug Dealing and Aggravated Possession. Both of these charges require the State to show that Hansley had either actual or constructive possession of the heroin. The trial court charged the jury with the following instruction on constructive possession:

> In addition to actual possession, possession includes location in or about the defendant's person, premises, belongings, vehicle, or otherwise within her reasonable control. In other words, a person who, although not in actual possession, has both the power and the [intention] at a given time to exercise control over a substance either directly or through another person or persons is then in constructive possession of it.[20]

Further, the crime of Drug Dealing requires that the State prove beyond a reasonable doubt that Hansley possessed the heroin with the *intent* to deliver it.[21]

A crucial part of Hansley's defense was premised on convincing the jury that she was a cocaine-addicted prostitute whom a drug dealer, with actual control of the drugs, would not trust to possess his valuable inventory. Hansley wanted to establish these facts to explain her close proximity to the heroin, and show the jury that she neither possessed nor intended to deliver the heroin. Aman's testimony was relevant in that it would have helped negate a jury finding of constructive

---

[20] Appellant's Op. Br. App. at A103. The transcript shows the word "attention" being used instead of "intention."
[21] 16 *Del. C.* § 4752(1).

9

possession, as well as the intent necessary to be convicted of Drug Dealing. Specifically, Aman's testimony would have supported Hansley's argument that the heroin actually belonged to Brown, and thus Hansley had no ability to exercise control over it. The testimony would have also supported the argument that, even if Hansley had access to the drugs, she had no intent to control or deliver them. Rather, she was merely a prostitute who had "latched" on to Brown for the purpose of serving her drug addiction. The State has also failed to show how Aman's testimony would have been prejudicial or confusing to the jury in any way under D.R.E. 403.

Additionally, we find that the trial court's rationale for excluding Aman's testimony was based on the misplaced conception that Hansley herself was required to testify to her drug addiction and prostitution before Aman could do so. This reasoning finds no support under Delaware law and would have improperly forced Hansley to waive her Fifth Amendment privilege against self-incrimination. At oral argument before this Court, the State was asked to explain the trial court's reasoning in excluding Hansley's testimony and candidly conceded: "To be frank with the Court, I don't know, I don't agree with that reasoning."[22] For these reasons, we conclude that the trial court's rationale for refusing to admit Aman's

---

[22] Oral Argument at 22:42, *Hansley v. State*, No. 586, 2013 (Del. Sep. 19, 2014), *available at* http://courts.delaware.gov/supreme/oralarguments/.

testimony was erroneous and that the court's decision to exclude this relevant evidence constituted an abuse of discretion.

*The Trial Court's Error Was Not Harmless*

Finally, we find no merit to the State's argument that the trial court's error was harmless beyond a reasonable doubt. The evidence tending to show that Hansley was in possession of the heroin found in the motel room is not overwhelming. The State failed to prove that Hansley was registered to the motel room where the heroin was found. She did not have a key to the motel room or the locked safe inside of the motel room. Further, Hansley's fingerprints were not found on the plastic container filled with rice and heroin or the cigarette box that contained heroin.

Also significant to our analysis is the fact that the State refused to stipulate at trial that Hansley was either a prostitute or a cocaine addict. In fact, the State resisted both propositions before the jury. Aman's testimony would have, at the very least, bolstered Hansley's assertions. Instead, Hansley was forced to rely solely on her friend Derrick Tann to testify that she was a prostitute.[23] Testimony given by a friend of the accused is far less objective, and therefore arguably less credible to the jury, than the excluded testimony of Aman, a former police officer.

---

[23] The State objected during Tann's testimony and attempted to cast doubt on his statements that Hansley was a prostitute. *See* Appellant's Op. Br. App. at A73–74 ("Your Honor, the State's concern is that this witness is going to be used to try to establish that she is, in fact, a prostitute or she does, in fact, have certain addictions.").

The importance of Aman's testimony is emphasized by the weight the State put on negating Hansley's defense. During closing argument, the State argued that "[t]here is no testimony at all before you that Nicole Hansley uses drugs at all." [24] Although defense counsel objected to this statement, the trial court, which had earlier excluded Aman's testimony establishing Hansley's drug use, overruled the objection and allowed the State to argue to the jury that there was no direct evidence or testimony that Hansley used drugs. Based on these facts, we find that the trial court's erroneous decision to exclude Aman's testimony was not harmless.

## III. Conclusion

Hansley's claim that she was a cocaine-addicted prostitute who had no ability or intent to control or deliver the heroin seized in this case was the crux of her defense. Exclusion of Aman's relevant testimony deprived Hansley of a full opportunity to present that defense and was an abuse of discretion. The judgment of the Superior Court is REVERSED and the matter REMANDED for a new trial consistent with this Opinion.

---

[24] Appellant's Op. Br. App. at A100.