PER CURIAM
of Chief Justice Strine, Justice Holland, and Justice Seitz:
The State has charged the Defendant, Benjamin Rauf with one count of First Degree Intentional Murder, one count of First Degree Felony Murder, Possession of a Firearm During those Felonies, and First Degree Robbery. The State has expressed its intention to seek the death penalty if Rauf is convicted on either of the First Degree Murder counts. On January 12, 2016, the United States Supreme Court held in Hurst v. Florida that Flori *433 da’s capital sentencing scheme was unconstitutional because “[t]he Sixth Amendment requires a jury, not a judge, to find each fact necessary to impose a sentence of death.”[1] On January 25, 2016, the Superior Court certified five questions of law to this Court for disposition in accordance with Supreme Court Rule 41. On January 28, 2016, this Court accepted revised versions of the questions certified by the Superior Court and designated Rauf as the appellant and the State.as the appellee.[2]
In this ease, we are asked to address important questions regarding the constitutionality of our state’s death penalty statute. The Superior Court believed that Hurst reflected an evolution of the law that raised serious questions about the continuing validity of Delaware’s -death penalty statute. Specifically, ' Hurst prompted the question of whether our death penalty statute sufficiently respects a defendant’s Sixth Amendment right to trial by jury.
Because answering the certified questions requires us to interpret not simply the Sixth Amendment itself, but the complex body of case law interpreting it, we have a diversity of views on exactly why the answers to the questions are what we have found them to be. But that diversity of views is outweighed by the majority’s collective view that Delaware’s current death penalty statute violates the Sixth Amendment role of the jury as set forth in Hurst. We also have a shared belief that the importance of the subject to our state and our fellow citizens, reflected in the excellent briefs and arguments of the parties, makes it useful for all the Justices to bring our various perspectives to bear on these difficult questions.
For the sake of clarity, we set forth the five questions asked and the succinct answers to them.

Question One

Under the Sixth Amendment to the United States Constitution, may a sentencing judge in ■ a capital jury proceeding, independent of the jury, find the existence of “any aggravating circumstance,” statutory or non-statutory, that has been alleged by the State for weighing in the selection phase of a capital sentencing proceeding?
No. Because Delaware’s capital sentencing scheme allows the judge to do this,[3] it is unconstitutional.

Question Two

If the finding of the existence of “any aggravating circumstance,” statutory or non-statutory, that has been alleged by the State for weighing in the selection phase of a capital sentencing proceeding *434 must be made by a jury, must the jury make the finding unanimously and beyond a reasonable doubt to comport with federal constitutional standards?
Yes. The jury must make the finding unanimously and beyond a reasonable doubt. Because the Delaware death penalty statute does not require juror unanimity,[4] it is unconstitutional.

Question Three

Does the Sixth Amendment to the United States Constitution require a jury, not a sentencing judge, to find that the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist because, under 11 Del. C. § 4209, this is the critical finding upon which the sentencing judge “shall impose a sentence of death”?
Yes. Because Delaware’s death penalty statute does not require the jury to perform this function,[5] it is unconstitutional.

Question Four

If the finding that the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist must be made by a. jury, must the jury make that finding unanimously and beyond a reasonable doubt to comport with federal constitutional standards?
Yes. We answer question four in the identical manner in which we have answered question two.

Question Five

If any procedure in 11 Del. C. § 4209’s capital sentencing scheme does not comport with federal constitutional standards, can the provision for such be severed from the remainder of 11 Del. C. § 4209, and the Court proceed with instructions to the jury that comport with federal constitutional standards?
No. Because the respective roles of the judge and jury are so complicated under § 4209, we are unable to discern a method by which to parse the statute so as to preserve it. Because we see no way to sever § 4209, the decision whether to reinstate the death penalty — if our ruling ultimately becomes final — and under what procedures, should be left to the General Assembly.

Summary

This Court’s prior cases on the constitutionality of Delaware’s capital sentencing scheme are hereby overruled to the extent they are inconsistent with the answers in this opinion. Having answered the certified questions, the Clerk is directed to transmit the opinions in this matter to the Superior Court.

. — U.S. -, 136 S.Ct. 616, 619,. 193 L.Ed.2d 504 (2016).

. Rauf v. State, No. 39, 2016 (Del. Jan. 28, 2016) (ORDER).

. See 11 Del. C. § 4209(d)(1) (“If a jury has been impaneled and if the existence of at least 1 statutory aggravating circumstance as enumerated in subsection (e) of this section has been found beyond a reasonable doubt by the jury, the Court, after considering the findings and recommendation of the jury and without hearing or reviewing any additional evidence, shall impose a sentence of death if the Court finds by a preponderance of the evidence ... that the aggravating circumstances found by the Court to exist outweigh the mitigating circumstances found by the Court to exist. The jury's recommendation concerning whether the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist shall be given such consideration as deemed appropriate by the Court in light of the particular circumstances or details of the commission of the offense and the character and propensities of the offender as found to exist by the Court. The jury's recommendation shall not be binding upon the Court.”).

. See § 4209(c)(3)(b)(2) (“The jury shall report to the Court by the number of the affirmative and negative votes its recommendation on the question as to whether, by a preponderance of the evidence, after weighing all relevant evidence in aggravation or mitigation which bear upon the particular circumstances or details of the commission of the offense and the character and propensities of the offender, the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist.”).

. See supra note 3.