IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL MANLEY, | § | |
| | § | No. 344, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 18, 2017
Decided: October 20, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## **O R D E R**

This 20th day of October 2017, it appears to the Court that the judgment of the Superior Court should be affirmed largely on the basis of and for the reasons assigned in its decision dated May 29, 2014.[1] In particular, we agree with the Superior Court that the claims in this repetitive Rule 61 petition were procedurally barred.

In addition, as to the *Strickland* claims, like the Superior Court, we cannot conclude that any of the supposedly deficient actions of trial counsel, had they been done differently, would have created a reasonable probability of a different outcome,

---

[1] *State v. Manley*, 2014 WL 2621317 (Del. Super. May 29, 2014).

whether taken individually or collectively. Although Manley takes issue with aspects of counsel's performance, as a general matter, trial counsel had a reasonable strategy and aggressively tried to create reasonable doubt about the state's case against Manley. But, as the Superior Court found, no prejudice within the meaning of *Strickland* was shown because the reality was that Manley was captured shortly after the murder while fleeing a vehicle with the beneficiary of the witness-murder. Given this evidence and the other evidence in the case, the marginalia Manley now contends would have been admitted if counsel had acted differently does not, as the Superior Court found, come close to creating a reasonable probability of a different outcome. None of that marginalia would have meaningfully changed the mix of evidence, and most importantly, none of it would have explained how Manley came to be riding in and fleeing from a vehicle with Stevenson within a short period after the murder.

The parties and this Court are in agreement that under this Court's decisions of *Rauf v. State*[2] and *Powell v. State*,[3] Manley's death sentence must be vacated and he must be sentenced to imprisonment for the remainder of his natural life without benefit of probation, parole, or any other reduction.[4]

---

[2] *Rauf v. State*, 145 A.3d 430 (Del. 2016).
[3] *Powell v. State*, 2016 WL 7243546 (Del. Dec. 15, 2016).
[4] 11 *Del. C.* § 4209(d)(2).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The matter is REMANDED to the Superior Court for resentencing.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice