IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID STEVENSON, | § | |
| | § | No. 287, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 1, 2017
Decided: November 2, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## **O R D E R**

This 2nd day of November 2017, it appears to the Court that the judgment of

the Superior Court should be affirmed on the basis of and for the reasons assigned

in its decision dated April 30, 2014.[1]  In particular, we agree with the Superior Court

that the claims in this repetitive Rule 61 petition were procedurally barred.

Furthermore, as to Stevenson's *Strickland* claims, like the Superior Court, we

cannot conclude that any of the supposedly deficient actions of trial counsel, had

they been done differently, would have created a reasonable probability of a different

outcome, whether taken individually or collectively.  Stevenson takes issue with

---

[1] *State v. Stevenson*, 2014 WL 2538497 (Del. Super. Apr. 30, 2014).

several aspects of his trial and appellate counsel's performance. But we find that both trial and appellate counsel employed reasonable strategies to create reasonable doubt about the state's case against Stevenson. Further, we, like the Superior Court, find no prejudice within the meaning of *Strickland* was shown. Unfortunately for Stevenson, the reality is that he was captured running from a car that multiple witnesses had identified from the scene of the murder; the murder was of a key witness set to testify against him that morning in a theft case; and a search of the patrol car that held him after his arrest revealed a piece of paper containing the name, phone number, and address of the only other key witness against him.

In view of the strength of their evidence, the additional information Stevenson now argues would have been admitted if counsel had performed differently does not come close to creating a reasonable probability of a different outcome.

Finally, the parties and this Court are in agreement that under this Court's decisions of *Rauf v. State*[2] and *Powell v. State*,[3] Stevenson's death sentence must be vacated and he must be sentenced to imprisonment for the remainder of his natural life without benefit of probation, parole, or any other reduction.[4]

---

[2] *Rauf v. State*, 145 A.3d 430 (Del. 2016).
[3] *Powell v. State*, 2016 WL 7243546 (Del. Dec. 15, 2016).
[4] 11 *Del. C.* § 4209(d)(2).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The matter is REMANDED to the Superior Court for resentencing.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice