IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS F. KANE, | § | |
| | § | No. 569, 2017 |
| Defendant Below-<br>Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 0612001862 |
| Plaintiff Below-<br>Appellees. | § | |
| | § | |

Submitted: January 31, 2018
Decided: March 14, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

# **O R D E R**

This 14th day of March 2018, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Thomas F. Kane, filed this appeal from the Superior Court's order denying his motion to reopen his criminal conviction and sentence under Superior Court Civil Rule 60(b). The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Kane's opening brief that his appeal is without merit. We agree and affirm.

(2) Kane pled guilty but mentally ill in 2008 to Murder in the First Degree and other related offenses.  In exchange for his plea, Kane avoided a possible death sentence, and the State dismissed ten other charges.  The Superior Court immediately sentenced Kane to life imprisonment under 11 *Del. C.* § 4209(a), plus a term of twenty-seven years.  Kane did not file a direct appeal.  In 2012, Kane filed a motion for postconviction relief, which the Superior Court denied.  We affirmed that judgment on appeal.[1]

(3) On August 24, 2017, Kane filed a motion under Civil Rule 60(b) to reopen his criminal conviction and sentence.  On September 22, 2017, the Superior Court denied Kane's motion because the relief he requested was not properly sought under Civil Rule 60(b) and because Kane's convictions and sentence were the result of a guilty plea.  This appeal followed.

(4) Kane argues in his opening brief on appeal that he has a right to seek relief from his criminal convictions under Civil Rule 60(b) and that he is entitled to have his convictions and sentence vacated in light of this Court's decision in *Rauf v. State*.[2]

---

[1] *Kane v. State*, 2016 WL 1165949 (Del. Mar. 17, 2016).
[2] *Rauf v. State*, 145 A.3d 430 (Del. 2016).

2

(5)    Kane is wrong on both counts.  Superior Court Civil Rule 60(b) cannot be used to collaterally attack a criminal conviction.[3]  Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a final criminal conviction.[4]   Moreover, this Court's decision in *Rauf* did not invalidate the life sentence provision of Section 4209(a), pursuant to which Kane was sentenced.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice

---

[3] *Jackson v. State*, 2007 WL 2231072, *1 (Del. Aug. 2, 2007).
[4] *See* Super. Ct. Crim. R. 61(a)(2) (2018).
[5] *Zebroski v. State*, __ A.3d __, 2018 WL 559678 (Del. Jan. 25, 2018).

3