IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMBROSE L. SYKES, | § | |
| | § | No. 12, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. K0411008300 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee | § | |

Submitted: September 26, 2018
Decided: October 10, 2018

Before **STRINE**, Chief Justice, **SEITZ** and **TRAYNOR**, Justices.

# **O R D E R**

This 10th day of October 2018, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that the judgment of the Superior Court should be affirmed on the basis of and for the reasons stated in its December 7, 2017 Order and for the additional reasons set forth below.

(1)    In 2006, Ambrose L. Sykes was convicted by a Superior Court jury of murder in the first degree, rape in the first degree, and numerous other offenses, and

sentenced to death.[1] On direct appeal, this Court affirmed Sykes's conviction and death sentence.[2]

(2) Sykes timely moved for postconviction relief under Rule 61 in 2008, raising twenty-three separate claims for relief. The Superior Court held an evidentiary hearing over the course of eleven days in late 2011 and early 2012, hearing from twenty-one live witnesses, considering the deposition testimony of three other witnesses, and admitting forty exhibits. In a lengthy opinion, the Superior Court denied the motion,[3] and Sykes appealed, although he did not raise all of the twenty-three claims that he had pressed in the Superior Court. Once again, we affirmed.

(3) In 2016, Sykes filed a Second Motion for Postconviction Relief,[4] which too was denied by the Superior Court. He now appeals that second denial, and attempts to avoid the various procedural obstacles—the motion appears to be untimely, successive, and advances previously asserted claims—by pointing to what

---

[1] The facts surrounding Sykes's arrest and conviction are set forth in detail in our opinion on direct appeal, *Sykes v. State*, 953 A.2d 261 (*Sykes I*) (Del. 2008), and our opinion affirming the Superior Court's denial of Sykes's first postconviction relief motion, *Sykes v. State*, 147 A.3d 201 (Del. 2015).

[2] *Sykes I*, 953 A.2d at 264. In *Rauf v. State*, 145 A.3d 430 (Del. 2016) this Court determined that Delaware's capital sentencing procedure was unconstitutional. Several months later, in *Powell v. Delaware*, 153 A.3d 69 (Del. 2016), we determined that *Rauf* applied retroactively. Following *Rauf* and *Powell*, the Superior Court vacated Sykes's life sentence and sentenced him to life imprisonment.

[3] *State v. Sykes*, 2014 WL 619503 (Del. Super. Ct. Jan. 21, 2014).

[4] After Sykes' death sentence was vacated and he was resentenced in the wake of *Rauf* and *Powell*, Sykes amended the Second Motion. Thus, the Superior Court refers to the operative motion as Sykes' Amended Second Motion for Postconviction Relief.

he characterizes as new evidence of actual innocence and the ineffectiveness of both his trial and initial postconviction relief counsel. But the evidence is not really "new," it does not create a strong inference of actual innocence, and his ineffective-assistance allegations are unavailing.

(4) Delaware Superior Court Criminal Rule 61 bars motions for postconviction relief filed more than one year after the judgment of conviction is final, successive motions, and motions based on formerly adjudicated grounds. All of those bars are in play in this case. But Rule 61(i)(5), read in conjunction with Rule 61(d)(2), provides an exception to those bars if the movant "(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid." Sykes does not contend that that the "new rule of constitutional law" provision applies to his case. Thus, the only way Sykes's motion may proceed is if he can plead that new evidence exists that creates a strong inference that he is actually innocent.

(5) As the Superior Court found in its Order denying Sykes's second motion, Sykes does not come close to proffering any evidence of that kind. Contrary

3

to his counsel's assertions, Sykes cannot sit back and have counsel raise speculative and implausible theories about how someone other than Sykes—or someone acting in concert with Sykes—killed the victim and expect relief. Sykes must produce new evidence supporting a strong inference of actual innocence. Counsel's speculation that Sykes had a consensual relationship with the victim is not supported by any tangible evidence, an affidavit of Sykes himself, or things that would be easy to find, such as evidence of phone calls between them. Even if Sykes knew the victim, that is far from evidence that they had a consensual romantic relationship.

(6) Moreover, Sykes and his counsel do nothing to point to new evidence that would somehow exculpate him of the victim's murder. When there is already evidence that (i) Sykes was driving the victim's car with three gas cans, a shovel, and the victim's body in the in the trunk, (ii) Sykes's semen was inside victim's body, (iii) the victim was strangled, (iv) Sykes's fingerprints were on the shovel and rubber gloves in the car, (v) Sykes made a statement to his girlfriend that "had they been 30 seconds longer, the car would have been on fire," and (vi) Sykes fled from police and hid for nineteen days, it will take some doing to come up with new evidence creating an inference, much less a strong one, of Sykes' actual innocence.

(7) The evidence that Sykes does cite is neither new nor does it create an inference that he is actually innocent. Sykes presents no argument that his so-called new evidence was not actually discovered or at least discoverable before trial by the

4

exercise of due diligence. Furthermore, that the pornographic search terms someone entered on the victim's computer were marginally different from those found on Sykes's computer and that an expert was willing to testify that the victim, a 68-year-old woman, had no defensive wounds are simply not the sort of evidence that creates a strong inference that Sykes is actually innocent of the murder of which he was convicted.

(8)     Sykes' alternative argument, in reliance on *Guy v. State*,[5] that he can proceed with a second Rule 61 motion on the ground that his original postconviction counsel who filed his first Rule 61 motion was ineffective under *Strickland v. Washington*[6] is erroneous. It is true that Rule 61 once allowed successive motions for a variety of reasons under the aegis of the "interest of justice."[7] In June 2014, however, that "interest of justice" provision was eliminated with this Court's approval in evident part to deal with costly and non-meritorious motions such as this one. To that point, it is only fair to original Rule 61 counsel to note that they filed a 170-page motion on Sykes' behalf. That first Rule 61 motion was sufficiently thorough that it took the Superior Court 98 pages to dispose of it.

---

[5] 82 A.3d 710 (Del. 2013).

[6] 466 U.S. 668 (1984) (holding that criminal defendants are entitled to effective assistance of *trial* counsel and that an ineffective assistance claim must show that counsel's performance was deficient and that the deficient performance deprived the defendant of a fair trial).

[7] *See Guy v. State*, 82 A.3d 710 (Del. 2013).

(9)     In *Coles v. State*,[8] we took the opportunity to examine *Guy*'s continued application in light of the June 2014 amendments to Rule 61 and concluded that *Guy* was no longer applicable. In particular, Coles argued that "the Superior Court erred in applying the procedural bar of Rule 61(d)(2) to his effectiveness claims because his postconviction counsel was ineffective in failing to raise these claims in Coles' first Rule 61 proceeding."[9] We, however, concluded that the Superior Court correctly applied Rule 61(d)(2), and that *Guy* no longer applied to successive Rule 61 proceedings in light of the June 2014 amendments. We affirmed that reasoning a few months later in *Durham v. State*[10] and *Bradley v. State*.[11] Sykes now argues that this Court should reconsider *Durham* (and presumably *Coles* and *Bradley* as well), but we find his arguments unconvincing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[8] 2017 WL 3259697 (Del. Jul 31, 2017).
[9] *Id*. at *1.
[10]  2017 WL 5450746, 173 A.2d 1062 (Table) (Del. Feb. 8, 2016).
[11]  2018 WL 454461, 179 A.3d 275 (Table) (Del. Jan. 16, 2018).