# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE STATE OF DELAWARE )
)
)
v. )
)
OTIS PHILLIPS, )    Case No.: 1210013321
)
Defendant. )
)
)
)
)

Date Submitted: October 10, 2024
Date Decided: November 15, 2024

*Upon hearing Defendant's Motion for Post Conviction Relief.* **DENIED.**

## <u>ORDER</u>

Andrew J. Vella, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware. Attorney for the State of Delaware.

Otis Phillips, *Pro Se*.

**SCOTT, J.**

This 15th day of November 2024, upon consideration of Defendant's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 it appears that:

1. Otis Phillips ("Phillips") has filed a second *pro se* Motion for Postconviction Relief, pursuant to Superior Court Criminal Rule 61. For the reasons set forth below, Phillips' Motion is **DENIED.**

2. After a 21 day trial, Otis Phillips was convicted of the following charges; murder in the first degree, manslaughter (as a lesser-included offense of murder in the first degree), murder in the second degree ( as a lesser-included offense of first degree murder), gang participation, conspiracy in the first degree, five counts of possession of a firearm during the commission of a felony, assault second degree (as a lesser included offense of attempted murder in the first degree), and assault third degree.

3. The Court sentenced Otis Phillips to death for murder in the first degree, life imprisonment for murder in the second degree, and 130 years of incarceration for the remaining offenses. Otis Phillips appealed, and the Delaware Supreme Court affirmed his convictions on January 17, 2017.

4. The Supreme Court of Delaware remanded the case for resentencing in light of its decision in *Rauf v. State*[1], declaring portions of the Delaware's death penalty statue unconstitutional.

---

[1] *Rauf v. State*, 145 A.3d 430 (Del. 2016).

5. On May 17, 2017, the Superior Court of Delaware modified Phillips' death sentence for murder first degree to a life term pursuant to 11 Del. C. § 4209.

6. On March 6, 2017, Otis Phillips, acting *pro se*, filed his first Motion for Postconviction Relief for Ineffective Assistance of Trial Counsel. The Superior Court of Delaware denied the Motion on November 20, 2019. Otis Phillips appealed, and the Delaware Supreme Court affirmed the denial of his post-conviction motion on July 21, 2020.

7. Now, Otis Phillips filed a Second Motion for Post Conviction Relief pursuant to Delaware Superior Court Criminal Rule 61 asserting that the Delaware Supreme Court Case *Rauf v. State*[2] renders his conviction of life imprisonment unlawful.

8. Otis Phillips' Second Rule 61 Motion for Post Conviction Relief is brought before this Court under three grounds: (1) Phillips' rights under the Eighth and Fourteenth Amendments have been violated because 11 Del. C. § 4209 was declared unconstitutional, and the legislature did not provide for an alternative sentence; (2) Phillips' has been denied due process because the Court did not conduct a sentencing hearing in accord with § 4209(b)(2); and (3) Phillips' Fourteenth Amendment rights have been violated because

---

[2] *Id*.

of "an ex post facto sentencing scheme within 11 Del. C. § 4209 …" and the Court's "disproportionate" sentence.

9. Delaware Superior Court Criminal Rule 61 "governs the procedure on an application by a person in custody under a sentence of this Court seeking to set aside judgement of conviction or a sentence of death on the ground that the court lacked jurisdiction or any other ground that is sufficient factual and legal basis for a collateral attack on a criminal conviction or capital sentence."[3] Further, "the remedy afforded by this rule may not be sought by a petition for a writ of habeas corpus or in any manner other than as provided herein."[4]

10. Otis Phillips' claim seeks a correction of an alleged illegal sentence and does not set aside or collaterally attack the conviction. A post-conviction motion that seeks to correct a sentence and does not seek to set aside or collaterally attack a conviction should be raised under Delaware Superior Court Criminal Rule 35 ("Rule 35").[5]

---

[3] Del. Super. Ct. Crim. R. 61.

[4] Del. Super. Ct. Crim. R. 61.

[5] *Wilson v. State*, 900 A.2d 102 (Del. 2006); *State v. Serfuddin El*, 2009 WL 74128, at *1 (Del. Super. Ct.) (A motion to attack the legality of the sentence is properly considered under Delaware Superior Court Criminal Rule 35).

11. Rule 35(a) provides "the court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence."[6] Rule 35(b) provides no time bar for challenging an 'illegal sentence,' but does impose a time bar of 90 days in the absence of "extraordinary circumstance,"[7] for challenging a "sentence imposed in an illegal manner."[8]

12. The distinction between 35(a) and 35(b) is critical for Otis Phillips because his motion was filed seven years after his sentence was originally imposed. The Delaware Supreme Court has held that a sentence is illegal:

> when the sentence imposed exceeds the statutorily authorized limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize.[9]

---

[6] Del. Super. Ct. Crim. R. 35 (a).

[7] *State v. Serfuddin El*, 2009 WL 74128, at *1 (Del. Super. Ct.) citing DEL.SUPER. CT.CRIM. R. 35(b); *Walley v. State,* 2007 WL 135615 at *1 (Del.) (holding that a claim that the trial court improperly failed to hold a separate hearing to determine habitual offender status was equivalent to a claim that the sentence was imposed in an illegal manner and, therefore, was required to be asserted within 90 days of sentencing.).

[8] *Id*.

[9] *Wilson v. State*, 2006 WL 1291369 at *3 (Del.2006) (quoting *Brittingham v. State*, 705 A.2d 577, 578 (Del.1998)).

13. Otis Phillips asserts that his sentence is an illegal sentence. Thus, there is no applicable time bar under Rule 35(a). Therefore, the Court may consider Otis Phillips' Motion on the merits.

14. Otis Phillips asserts his modified sentence of life term pursuant to 11 Del. C. § 4209 is incorrect as a matter of fact and as a matter of law according to Delaware Supreme Court ruling in *Rauf v. State*.[10]

15. First, Otis Phillips asserts that his rights under the Eighth and Fourteenth Amendment have been violated because 11 Del. C. § 4209 was declared unconstitutional, and the legislature did not provide for an alternative sentence. However, *Rauf* does not address whether an alternative life-without parole sentence could be severed from the capital sentencing scheme.[11] Instead, *Powell v. State* is the applicable law in which the Supreme Court of Delaware held a petitioner's death penalty could be restored to a lesser sentence of life without parole, if the death penalty were to be invalidated.[12] Thus, Otis Phillips' death sentence, which was vacated

---

[10] *Rauf v. State*, 145 A.3d 430 (Del. 2016).

[11] *Zebroski v. State*, 179 A.3d 855, 859 (Del. 2018) citing *Rauf v. State*, 145 A.3d 430 (Del. 2016).

[12] *Powell v. Delaware*, 153 A.3d 69 (Del. 2016).

under *Rauf* [13] and *Powell*,[14] and his resentence in the alternative to life without parole does not abrogate Otis Phillips' constitutional rights.

16. Second, Otis Phillips contends the Court did not conduct a sentencing hearing in accord with § 4209(b)(2). However, a defendant's presence is not always necessary when a sentence is corrected.[15] On May 17, 2017, this Court modified Phillips' death sentence for murder in the first degree to a life term pursuant to § 4209(b)(2). The Supreme Court of Delaware, in *Powell v. State* held the death penalty unconstitutional, which converted all death sentences to life without parole and eliminated the need for individual hearings to modify sentences.[16] Thus, in accordance with *Powell v. State*, Otis Phillips is not entitled to a hearing for a modification of his death sentence to a life term.

17. Third, Otis Phillips contends his Fourteenth Amendment rights have been violated because of "an ex post facto sentencing scheme within 11 Del. C. § 4209" and the Court's disproportionate sentence. As previously stated in the above, Otis Phillips Fourteenth Amendment rights have not been violated because *Powell v. State* only invalidates the death penalty

---

[13] *Rauf*, 145 A.3d 430.
[14] *Powell*, 153 A.3d 69.
[15] *Gibbs v. State*, 229 A.2d 502, 504 (Del. Super. Ct. 1967); *See also* Super.Ct.Crim.R. 36. *Compare* Super.Ct.Crim.R. 35.
[16] *Powell,* 153 A.3d 69.

provision of § 4209 and does not abrogate a resentence to a life term thereafter.[17] Thus, Otis Phillips' resentence to a life term does not abrogate his constitutional rights.

## CONCLUSION

Therefore, for the reasons stated above, the Defendant's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

**Judge Calvin L. Scott, Jr.**

---

[17] *Powell*, 153 A.3d 69.